13-1621-cv
*Candelario v. City of New York, et al.,*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand and thirteen.

PRESENT:

    JOHN M. WALKER, JR.,
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSEPH CANDELARIO,

    *Plaintiff-Appellant,*

    -v.-                              No. 13-1621-cv

CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, et al.,

    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**     ANNETTE G. HASAPIDIS (Schwartz Goldstone & Campisi, LLP, New York, NY, *on the brief*), Law Offices of Annette G. Hasapidis, Ridgefield, CT.

**FOR DEFENDANTS-APPELLEES:**     EDWARD F.X. HART (Drake A. Colley, *on the brief*), Of Counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

1

Appeal from an April 3, 2013 order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 3, 2013 order of the District Court be **AFFIRMED**.

Joseph Candelario ("Candelario") appeals from the April 3, 2013 judgment of the District Court dismissing his claims under 42 U.S.C. § 1983[1] for, *inter alia*, false arrest, malicious prosecution, malicious abuse of process, and conspiracy against all defendants.[2] The District Court dismissed all claims against the City of New York and the City of Yonkers pursuant to Federal Rule of Civil Procedure 12(b)(6),[3] and *sua sponte* dismissed without prejudice all claims against all the individual defendants on the basis that they were not timely served under Federal Rule of Civil Procedure 4(m), and on the merits.[4] *See Candelario v. City of New York*, No. 12 Civ. 1206 (LAP), 2013 WL 1339102, at *11 (S.D.N.Y. Apr. 3, 2013). Candelario now appeals the portions of the District Court's judgment dismissing his § 1983 claims. Alternatively, he argues that he should have been permitted to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a). Familiarity with the factual and procedural background is presumed.

Candelario does not appeal the District Court's judgment insofar as it dismissed the individual defendants under Rule 4(m) for improper service. Reply Br. at 16. Thus, the only issue on appeal is whether the District Court erred in dismissing the municipalities.[5] We review a district court's dismissal of a complaint under Rule 12(b)(6) *de novo*, and the failure to grant leave to amend for "abuse of discretion." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98, 108 (2d Cir.

---

[1] To state a claim under § 1983, a plaintiff must prove that defendants, while acting "under color of law," deprived plaintiff of a right secured by the "Constitution and laws" of the United States. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 174 n.44 (1970).

[2] Candelario also sued under § 1983 for denial of medical treatment, and brought state law claims, but consented to dismissal of the state law claims and withdrew his claim for denial of medical treatment. **A142-45.** He does not raise these claims on appeal, nor does he contest dismissal of the New York or Yonkers Police Departments which, as agencies of municipalities, are non-suable entities. *Jenkins v. City of New York*, 478 F.3d 76, 93 n. 19 (2d Cir. 2007).

[3] The District Court dismissed non-moving defendant City of Yonkers *sua sponte*.

[4] Because we affirm on the basis of Rule 4(m) we do not consider the merits of Candelario's claims against the individual defendants.

[5] *Monell v. Department of Social Services*, 436 U.S. 658 (1978), established that in order to sustain a § 1983 claim against a municipality, a plaintiff must demonstrate that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers." *Id.* at 690. Municipal liability may also be established by showing a widespread practice of unconstitutional conduct or deliberate indifference in training municipal employees resulting in constitutional violations. *See, e.g. Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).

2007).  The District Court held—independent of its findings as to whether Candelario's rights were violated—that Candelario "failed to identify any policies or customs . . . under which [d]efendants may have violated [his] rights."  *Candelario*, 2013 WL 1339102, at \*10.  We agree and, accordingly, affirm the District Court's judgment dismissing the municipal defendants.

We further conclude that the District Court did not err by failing to grant leave to amend under Federal Rule of Civil Procedure 15(a).[6]  The individual defendants were dismissed, *without prejudice*, for improper service, which does not implicate the Complaint.  And nothing in the Complaint suggests that the opportunity to replead would enable Candelario to state a plausible claim against the municipal defendants.  Where permitting plaintiff to amend would be futile, it was not error to implicitly deny leave to replead.  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

We have reviewed the record and Candelario's arguments on appeal and find them to be without merit.  For the reasons set forth above, we **AFFIRM** the April 3, 2012 judgment of the District Court.

> FOR THE COURT,
> Catherine O'Hagan Wolfe, Clerk of Court

---

[6] Rule 15(a) provides, in relevant part, that "a party may amend its pleading only with . . . the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

3